IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTION, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-15-1172 |
| | § | |
| JONESCORP, INC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, J&J Sports Productions, Inc., as Broadcast Licensee of the May 5, 2012 Floyd Mayweather, Jr. v. Miguel Cotto Event, sued Jonescorp, Inc., individually and d/b/a Eagle Street Lounge, Isaac Jones, Individually and d/b/a Eagle Street Lounge, and Ken Ligon, individually and d/b/a Eagle Street Lounge alleging that they had illegally intercepted the closed-circuit telecast of the May 5, 2012 Floyd Mayweather, Jr. v. Miguel Cotto Event, including undercard or preliminary bouts, and exhibited it in the Eagle Street Lounge in Houston, Texas. J&J Sports Productions has submitted evidence that it owns the Texas rights to the telecast and that the defendants did not pay the licensing fee necessary to access and exhibit it. J&J Sports Productions moved for final default judgment against Isaac Jones and Jonescorp, individually and d/b/a Eagle Street Lounge.

J&J Sports Productions also moved for summary judgment against Ken Ligon, who was a member of Jonescorp at some point but claimed that he withdrew from the corporation prior to the May 5, 2012, Mayweather fight.

The motion for default judgment against Jones and Jonescorp is granted. J&J Sports Production submitted evidence establishing the unauthorized interception and display of a display

of the closed-circuit telecast boxing match, in violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605. An individual violates section 605 by displaying an intercepted communication. Under section 605(e)(3), the "party aggrieved" may elect to recover either the actual damages sustained or statutory damages for each violation, in a sum of not less than $1,000.00 or more than $10,000.00. In any case in which the court finds that the violation was committed "willfully" or for the purpose of direct or indirect commercial advantage or private financial gain, the court may increase the award of damages by an amount not more than $100,000.00. 47 U.S.C. § 605(e)(3)(C)(ii). Costs and fees may also be awarded. 47 U.S.C. § 605(e)(3)(B)(iii).

The record establishes that Jones and Jonescorp displayed the boxing match, without authorization and for commercial gain, establishing liability under section 605. J&J Sports Productions is entitled to recover statutory damages. The record establishes that these defendants broadcast the event using an unlawful device for the purpose of commercial gain, showing the event on 10 television screens to patrons who paid a cover charge to attend. The record shows that the fee for a legal broadcast would have been $900.00. These factors, the difficulty in detecting unlawful interception, the widespread problem of piracy, the projected loss to plaintiff, and the need for an award sufficient to deter future piracy by defendant and others, weigh in favor of granting statutory damages of $10,000.00 under section 605(e)(3)(C)(i)(II).

The plaintiff also seeks an award of additional damages. Section 605 states that in any case in which the court finds that the violation was committed willfully and for the purpose of direct or indirect commercial advantage or private financial gain, the court may increase the award of damages by an amount of not more than $100,000.00. 47 U.S.C. § 605(e)(3)(C)(ii). The record

2

shows that defendants showed the boxing match on three televisions, to 15 to 20 patrons, in an establishment with a capacity of approximately 70. The boxing match was shown for the purpose of increasing the bar's business, attracting customers, and boosting sales revenue. Based on the undisputed evidence, this court finds a willful violation and awards $1,000.00 additional damages beyond the $10,000.00 already awarded.

As the prevailing party, the plaintiff is entitled to an award of its costs, including reasonable attorney's fees. 47 U.S.C. § 605(e)(3)(B)(iii). The plaintiff has submitted an affidavit from its counsel supporting an award based on the lodestar fee calculation. The affidavit supports an attorney's fee award in the amount of $2,000.00, based on a $250.00 per hour rate and eight hours of time. The submission demonstrates that the fees sought are reasonable.

The motion for summary judgment against Ken Ligon is denied. Mr. Ligon, representing himself, repeatedly represented to the court that he withdrew from Jonescorp before the date of the Mayweather fight. In support, he submitted an affidavit by Mr. Jones stating that Mr. Ligon resigned from Jonescorp on March 1, 2012. (Docket Entry No. 28). He also appeared in person at a status conference and gave sworn testimony that he had resigned from Jonescorp and had nothing to do with the company at the time of the Mayweather fight. J&J's summary judgment brief does not address this issue. J&J says that Mr. Ligon's failure to respond to a request for admission that he was an officer of the company at the time of the fight means that he is deemed an officer as a matter of law. But J&J does not acknowledge or discuss the contrary evidence—of which it was well aware—that Mr. Ligon was not affiliated with Jonescorp when Jonescorp showed the Mayweather fight. After the status conference, J&J advised the court that it was skeptical that the affidavit that Mr. Ligon submitted was genuine. (*Id.*). J&J might well be right, but that is not an

appropriate determination on the summary judgment papers. In short, the record reflects a genuine dispute of fact on Mr. Ligon's separation from Jonescorp, and J&J's brief does not advance evidence or legal argument sufficient to convince the court that the dispute is not material to deciding Mr. Ligon's potential liability. Therefore, summary judgment as to Mr. Ligon is denied.

The plaintiff has established its entitlement to judgment in the amount of $10,000.00 in statutory damages; $1,000.00 in enhanced damages; reasonable attorney's fees in the amount of $2,000.00; costs of court, and postjudgment interest on all of the above at the rate of 0.12 % *per annum*. Final default judgment against Mr. Jones and Jonescorp, Inc. will be entered by separate order. The court will set the remaining portion of the suit, concerning Mr. Ligon's liability, for trial.

SIGNED on April 12, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge